Michael S. Geller, SBN 178113
Law Office of Michael Geller Inc.
3576 Arlington Ave., Suite 210
Riverside, CA 92506
Telephone: 951-248-6455 Fax: 951-248-6456
Attorneys for Takao Katayama Our File No.:11633-004

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| James Rutherford, an individual,<br>Plaintiff,<br>v.<br><br>J C G Group Inc., a California corporation; Takao Katayama, a married man as his sole and separate property; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 5:19-cv-00379-MWF (SHKx)<br><br>**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT** |

Comes Now Defendant Takao Katayama, a married man as his sole and separate property to answer the complaint of James Rutherford.

As to paragraphs 1 and 2 answering party is unable to admit or deny due to lack of knowledge, and on that basis denies.

As to paragraphs 3 through 10 answering party admits.

As to paragraph 11, answering party is unable to admit or deny due to lack of knowledge.

As to paragraph 12 and 13 responding party is unable to admit or deny information regarding or concerning the Business, however admits that the Property is open to the public.

As to paragraphs 14 through 21 the allegations contained in these paragraphs are vague and ambiguous and lack the specificity required to determine what is being complained of, therefore on that basis answering party denies.

As to paragraph 22 answering party lacks sufficient knowledge regarding the business, and on that basis is unable to admit or deny due to lack of knowledge.

As to paragraphs 23 through 28 the allegations contained in these paragraphs are vague and ambiguous and lack the specificity required to determine what is being complained of, therefore on that basis answering party denies.

As to paragraphs 29 through 33 responding party is unable to admit or deny, as the paragraphs contain no facts supporting Plaintiffs allegations and are a mere purported regurgitation of the law.

As to paragraph 34 answering party denies on the basis that answering party is in the process of eviction of the Business, and therefore Plaintiff will not have a reason to patronize the current facilities, therefore on that basis answering party denies continuing discrimination will occur.

As to paragraphs 35 through 37 plaintiff has listed no facts in support of his complaint. The paragraphs are merely parroting existing law and on that basis answering party is unable to admit or deny.

As to paragraph 38, answering party denies.

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

Answering party asserts the following affirmative defenses to Plaintiff's complaint:

## AFFIRMATIVE DEFENSES

1. **FAILURE TO STATE:** Plaintiff has failed to state facts sufficient to constitute any cause of action against defendants and each of them which therefore bars plaintiff from recovering the relief sought.

2. **ESTOPPEL:** The plaintiff has knowingly engaged in conduct whereby it is estopped from claiming its right, if any, from defendants and each of them to the alleged damages from all causes of action.

3. **UNCLEAN HANDS:** The plaintiff is barred as to each cause of action by plaintiff's unclean hands.

4. **MITIGATION:** Plaintiff has failed to mitigate its damages, if any, which therefore bars plaintiff from recovering the relief sought.

5. **ACTIVE FAULT OF PLAINTIFF:** The damages sustained by plaintiff as alleged in its complaint which are generally and specifically denied to exist was a result of the affirmative acts and or omissions to act of the plaintiff himself.

6. **PLAINTIFF IS NOT DISABLED AS ALLEGED:** Plaintiff claims to need accommodations as a disabled individual, yet is merely posing as a disabled individual in order to troll for lawsuits. And if Plaintiff has a disability, the claims of violations do not have any impact on him and therefore, he is not a proper plaintiff.

7. **PLAINTIFF DID NOT ENTER THE BUSINESS OR SHOPPING CENTER FOR THE PURPOSE OF PATRONIZING THE FACILITY:** Plaintiff did not enter the shopping center or the business for the purposes of patronizing the facility, but rather, to troll for lawsuits. As such, he is not protected by the claimed statutes.

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

S:\lawoffc\11633\004\19 0805 Answer.doc

8. **SUBJECT BUSINESS IS BEING EVICTED.** As such, there is no possibility of any claims being repeated and any modifications will take place prior to a new tenant.

9. **COMPLAINT LACKS SPECIFICITY:** The complaint is intentionally vague and Plaintiff failed to follow the Court's order and provide a specific defect list prior or post mediation and still has failed to follow the Court's order as to providing a specific list of claims.

10. **PLAINTIFF AND COUNSEL ARE IN COLLUSION AND IN A BUSINESS OF PRETENDING TO PATRONIZE A BUSINESS FOR THE SOLE PURPOSE OF SUING THEM.** The Plaintiff and counsel have made a business of purporting to patronize a business when in fact, the sole reason for visiting them is to attempt to locate violations and bring suit. As such, Plaintiff is not a proper plaintiff for purposes of the statute.

11 **PLAINTIFF AND THIRD PARTY NEGLIGENCE:** Any damages sustained by plaintiffs were caused either through their negligence or that of a third party.

12. **PLAINTIFFS NEGLECT:** Plaintiff failed to take all proper measures and remedies to protect itself from damage and injury, said actions or inactions working as a complete bar to any recovery herein.

13. **BAD FAITH:** The complaint filed by plaintiff against defendants and each of them was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the comp. against these answering defendants, and the plaintiff should be responsible for all reasonable defense costs, including attorney fees as more particularly set forth in California Code of Civil Procedure section 1021.1 and 128.7.

14. **COMPARATIVE FAULT:** Defendants are not legally responsible in any manner with respect to the damage claimed by plaintiff in its claim for relief. If

Page 4

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

S:\lawoffc\11633\004\19 0805 Answer.doc

however, defendants are foundlegally responsible, and such responsibility is not the sole and proximate cause of any allegeddamage purportedly suffered by plaintiff. Consequently damages awarded to plaintiff if any, must be apportioned according to the respective degrees of fault and legal responsibility of all theparties in this action according to proof presented at trial.

15. **UNKNOWN DEFENSES:** Answering party reserves the right to add affirmative defenses should the need arise, should the law change or if new or different facts or circumstances are discovered.

**WHEREFORE,** defendant prays that plaintiffs take nothing by way of this instant complaint, which said complaint be dismissed with prejudice, that these defendants be awarded attorney's fees, costs, and for such other and further relief as the court deems just and appropriate.

Dated 8·6·19

Law Office of Michael Geller Inc.

Michael S. Geller,

Attorney for Takao Katayama

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

S:\lawoffc\11633\004\19 0805 Answer.doc

## VERIFICATION BY PARTY

I, Takao Katayama declare as follows:

1. I am a defendant in the above-entitled matter.
2. I have read the foregoing answer to the complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein which are stated on information and belief, and, as to those matters, I believe it to be true.

Executed on, August 5, 2019, at County, California.

I declare under penalty of perjury that the foregoing is true and correct

_____
Takao Katayama

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

S:\lawoffc\11633\004\19 0805 Answer.doc

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3576 Arlington Ave. Suite 210 Riverside, CA 92506

On August 6, 2019 I served the foregoing document(s) described as **DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joseph Manning
MANNING LAW
20062 SW Birch Street, Suite 200
Newport Beach, CA 92660

[X]  By **Mail**. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

**Executed on August 6, 2019, at Riverside, California.**

[ ]  **State**. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **Federal**. I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.



Lisa D. Ballow

Page 7

**DEFENDANT TAKAO KATAYAMA'S VERIFIED ANSWER TO COMPLAINT**

S:\lawoffc\11633\004\19 0805 Answer.doc